# UNITED STATES DISTRICT COURT
for the

Eastern District of North Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 5:06-CR-161-2D |
| Antwan Ricardo Constant ) | USM No: 15976-056 |
| Date of Previous Judgment: October 23, 2007 ) | |
| (Use Date of Last Amended Judgment if Applicable) ) | Defendant's Attorney Pro Se |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of the _____defendant_____ under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and the court having considered such motion,

**IT IS ORDERED** that the motion is:

☒ DENIED.   ☐ GRANTED   and the defendant's previously imposed sentence of imprisonment (as reflected

in the last judgment issued) of _____ months **is reduced to** _____ months.

If the amount of time the defendant has already served exceeds this sentence, the sentence is reduced to a "Time Served" sentence, subject to an additional period of up to ten (10) days for administrative purposes of releasing the defendant.

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)

Previous Offense Level: _____      Amended Offense Level: _____

Criminal History Category: _____      Criminal History Category: _____

Previous Guideline Range: _____ to _____ months   Amended Guideline Range: _____ to _____ months

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**

☐ The reduced sentence is within the amended guideline range.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

☐ Other (explain) :

## III. ADDITIONAL COMMENTS

The court has considered the entire record. The offense level resulted from application of the career offender guideline. Therefore, the defendant is not eligible for application of the retroactive crack cocaine guideline. See, e.g., United States v. Smith, No. 09-6541, 2010 WL 2000986 (4th Cir. May 20, 2010) (per curiam) (unpublished); United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010).

Except as provided above, all provisions of the judgment dated  October 23, 2007,  shall remain in effect.
**IT IS SO ORDERED.**

Order Date:  6/17/10

Judge's signature

Effective Date: _____
(if different from order date)

James C. Dever III, U.S. District Judge
Printed name and title