IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-161-D-2
No. 5:09-CV-238-D

| | |
|---|---|
| ANTWAN RICARDO CONSTANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On October 23, 2006, Antwan Ricardo Constant ("petitioner" or "Constant") pled guilty, pursuant to a plea agreement, to (1) possession with intent to distribute crack cocaine and aiding and abetting in violation of 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 2, (2) possession of a firearm during and in relation to a drug trafficking crime and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1)(C) and 2, and (3) possession of a firearm by a felon and aiding and abetting in violation of 18 U.S.C. §§ 922(g)(1) and 2 [D.E. 25]. On October 23, 2007, this court sentenced Constant to 400 months' imprisonment [D.E. 56]. On June 2, 2009, Constant filed a motion to vacate his sentence under 28 U.S.C. § 2255 [D.E. 73–74].[1] On July 16, 2009, respondent filed a motion to dismiss, or alternatively a motion for summary judgment [D.E. 85]. On July 21, 2009, the court

---

[1] Constant's motion to vacate was originally dated October 22, 2008, but the petition was returned by the Magistrate Judge because Constant used the wrong forms and failed to pay the filing fee. See Mot. to Vacate, Ex. 1. The court provides Constant the benefit of the prison "mailbox rule." See, e.g., Houston v. Lack, 487 U.S. 266, 270–76 (1988); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735–36 (4th Cir. 1991) (per curiam); see also Fed. R. Civ. P. 5(d)(4) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."). Thus, the court construes Constant's petition as timely filed. See 28 U.S.C. § 2255(f)(1).

notified Constant about the motion to dismiss, the effect of failing to respond, and the response deadline [D.E. 87]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On August 11, 2009, Constant filed a response to the motion to dismiss [D.E. 91]. On September 15, 2009, Constant filed a motion to amend his petition [D.E. 96]. As explained below, the court grants respondent's motion to dismiss and denies Constant's motion to vacate.

I.

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 563 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. Iqbal, 129 S. Ct. at 1949–50. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Kloth, 444 F.3d at 319 (quotation omitted). Moreover, a court may take judicial notice of its own records and proceedings without converting a motion to dismiss to a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239–40 (4th Cir. 1989).

Constant's motion raises three grounds for vacating his sentence, each based on a claim of ineffective assistance of his counsel, James Martin. First, Constant claims that counsel failed to explain the true nature of the plea agreement and charges, thereby preventing Constant from making

2

an intelligent decision to enter a guilty plea to count one. Petr.'s Mem. 4–7. Second, Constant alleges counsel failed to object to the sufficiency of the prosecution's evidence establishing the factual basis for count two. Id. at 8–10. Third, Constant claims that counsel failed to appeal the sentencing determination that Constant was a career offender. Id. at 11–15. Constant did not file a direct appeal and thus he raises each claim for the first time in this court.

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel — that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 130 S. Ct. 13, 16 (2009) (per curiam) (quotations omitted); Strickland v. Washington, 466 U.S. 668, 687–91 (1984). A person alleging ineffective assistance of counsel must demonstrate not only that counsel's representation fell below an objective standard of reasonableness, but also demonstrate prejudice. Strickland, 466 U.S. at 687–96; see also Hill v. Lockhart, 474 U.S. 52, 58 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). "Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010).

As for Strickland's first requirement, the "proper standard for attorney performance is that of reasonably effective assistance." Strickland, 466 U.S. at 687. In analyzing whether defendant has met this requirement, a reviewing court must apply an "objective standard of reasonableness" to counsel's conduct. Id. at 688; Van Hook, 130 S. Ct. at 16. The Strickland standard prohibits a reviewing court from using hindsight to second-guess tactical decisions. See Strickland, 466 U.S. at 688–90. Rather, "[j]udicial scrutiny of counsel's performance must be highly deferential," and a court must examine counsel's conduct without the "distorting effects of hindsight." Id. at 689; Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008). In determining whether counsel's performance was reasonable, the court "must indulge a strong presumption that counsel's conduct falls within the

3

wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)); see Wong v. Belmontes, 130 S. Ct. 383, 384-85 (2009) (per curiam); Van Hook, 130 S. Ct. at 16; Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009).

As for Strickland's second requirement, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691; see Van Hook, 130 S. Ct at 19-20. To establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." Id. at 694. Moreover, "Strickland places the burden on the defendant, not the [government], to show a reasonable probability that the result would have been different." Wong, 130 S. Ct. at 390-91 (quotation omitted). A defendant who alleges ineffective assistance of counsel after entering a guilty plea must meet an even higher burden. See, e.g., Hill, 474 U.S. at 59; United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). A defendant who has pled guilty "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; United States v. Mooney, 497 F.3d 397, 401 (4th Cir. 2007).

Constant's first claim is that he received ineffective assistance of counsel because counsel gave him "inadequate and erroneous legal advice" about the nature of the charge in count one, which led Constant "to unintelligently enter a Plea of Guilty for a crime that [he] was not guilty of." Petr.'s Mem. 6. However, the text of the plea agreement and Constant's Rule 11 colloquy with the court

4

belie his claim that he did not understand the charges against him. See Plea Agreement ¶ 3. At the hearing conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Constant testified that he had read and discussed the entire plea agreement with counsel. Constant was charged in count one with possession with the intent to distribute cocaine base. Constant testified that he understood the charges. Moreover, the court informed Constant of the nature of the offense and explained the elements of the offense that the government would be required to prove at trial. Constant testified that he understood all of the consequences of pleading guilty. The court found that Constant's plea was freely and voluntarily entered, and that Constant had a full and complete understanding of the nature of the charges. After engaging in this colloquy with the court, Constant acknowledged committing the crime charged in count one and pled guilty.

"[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier [allegedly] erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc); United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995); Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992); Little v. Allsbrook, 731 F.2d 238, 239 n.2 (4th Cir. 1984). Therefore, absent "extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). In such situations, the petitioner is not entitled to an evidentiary hearing. See id. at 220–23; see also United States v. Witherspoon, 231 F.3d 923, 925–27 (4th Cir. 2000).

Constant's allegation that counsel misled him and he did not understand the charges against

5

him are directly contradicted by his statements during the Rule 11 colloquy. The court discussed the plea agreement, the elements of each offense, and the consequences of pleading guilty. Constant was specifically informed of the elements which the government would have been required to prove at trial in order to convict him of possession with the intent to distribute a quantity of cocaine base. Accordingly, Constant's guilty plea and plea agreement were "counseled and voluntary" acts, and he has failed to establish prejudice. See, e.g., United States v. Broce, 488 U.S. 563, 569 (1989); Foster, 68 F.3d at 88; United States v. Wiggins, 905 F.2d 51, 53–54 (4th Cir. 1990). Because Constant cannot show prejudice, and because the claim directly contradicts his prior statements made under oath, his first claim fails. See Lemaster, 403 F.3d at 220–23.

Constant's second claim alleges that counsel failed to object to the factual basis regarding the nexus between the possession of drugs and the firearm as charged in count two. Constant must show that counsel's performance fell below an objective standard of reasonableness. Rule 11(b)(3) provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). A court may conclude that a factual basis exists from "anything that appears on the record." United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). A court is not required to be satisfied that a jury would find Constant guilty. See, e.g., United States v. Carr, 271 F.3d 172, 178 n.6 (4th Cir. 2001). A court must simply assure itself that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty. Id.; United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997) ("[A] district court need not replicate the trial that the parties sought to avoid."). It is only necessary that a court "be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." Mitchell, 104 F.3d at 652.

After Constant was advised of the elements of count two, he pled guilty and the government

6

proffered evidence to establish a factual basis for Constant's guilty plea. The government's proffer included evidence that Constant was found by officers in a vehicle, with a quantity of crack cocaine on his person and a .357 revolver underneath his seat. Based on the evidence in the record, the court found an independent factual basis existed supporting each element of the offense. Accordingly, Constant cannot show that counsel's performance fell below an objective standard of reasonableness. Therefore, Constant's second claim fails.

Constant's third claim alleges that counsel was ineffective because he failed to appeal Constant's classification as a career offender. "[A] petitioner may demonstrate both deficient performance and prejudice by showing that counsel failed to file an appeal after the petitioner explicitly requested that counsel do so." Bostick v. Stevenson, 589 F.3d 160, 166 (4th Cir. 2009) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)). However, "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Roe, 528 U.S. at 477 (emphasis removed).

Constant claims in his petition that counsel assured Constant that he would appeal the career offender classification, but counsel never filed an appeal. See Mem. Supp. Mot. Vacate 14. In opposition to this claim, respondent has presented an affidavit from counsel stating that he did not file an appeal because Constant signed a form indicating that he did not wish to appeal his sentence. Gov't Mem. Supp. Mot. Dismiss, Ex. A ¶ 4. Respondent also included the form, titled "Appellate Rights and Election of Appeal," which Constant signed and indicated he did not wish to appeal. Id. at 2. Constant admits signing the form. See Pet'r Resp. Mot. Dismiss 5; Constant Aff. ¶ 12. Despite this signed waiver, Constant claims he was under the impression that counsel would file an appeal. See id. In light of counsel's sworn statement and Constant's acknowledgment that he signed a form indicating he did not wish to appeal, Constant's allegations fail to state a claim for ineffective

7

assistance of counsel.

## II.

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Constant is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether Constant is entitled to a certificate of appealability with respect to one or more of the issues presented in this habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court denies a petitioner's constitutional claims on the merits, petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

Where a court dismisses a petitioner's constitutional claims on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

After reviewing the claims presented in the habeas petition in light of the applicable standard,

the court finds reasonable jurists would not find the court's treatment of any of Constant's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

III.

Based on the foregoing analysis, the court GRANTS the government's motion to dismiss [D.E. 85], DENIES Constant's motion to vacate [D.E. 73–74], and DENIES Constant's motion to amend the petition as futile [D.E. 96]. A certificate of appealability is DENIED. The Clerk of Court is directed to close the case.

SO ORDERED. This 11 day of February 2011.

JAMES C. DEVER III
United States District Judge